### No. 423

No. 18277—Joseph F. Knott and Nellie R. Knott. v. The Moore-Lamb Construction Company. Error to the Court of Appeals of Mahoning county.

297. CONTRACTS—1. When evidence is conflicting, as to agreed upon price of building contract, testimony to show its value is competent.

2. In an action to recover on a cost plus contract, when issue is made as to actual cost of construction, reasonable cost of labor and material may be shown.

ALLEN, J.

1. In an action to recover an amount due on a contract for building when the testimony is conflicting as to the price agreed upon for the building, it is competent to show the estimated value of such building at the time the contract was made as tending to show what the agreed price was. Such evidence is also competent for the purpose of impeaching the creditability of witnesses. as to the actual cost of the building.

2. In an action to recover an amount due on a cost plus building contract when an issue is made by the pleadings as to the actual cost of the construction. it is competent to show the reasonable cost of labor and materials at the time the labor was performed and the materials were furnished as tending to show what the actual cost was.

Judgment reversed.

Mrsnall, C. J., Robinson, Matthias and Day, JJ., concur.

---

### No. 424

No. 18543—The State ex rel v. C. C. Crabbe, Attorney General, v. The Municipal Savings & Loan Company, a corporation, et al. Error to the Court of Appeals of Cuyahoga County.

866. OFFICERS—Trustees of a corporation appointed by directors under 11872 GC. are its employes, and not eligible as receivers of the corporation, in an action for dissolution.

ALLEN, J.

1. Trustees of a corporation appointed by the directors of the corporation pursuant to Section 11972, General Code, are employes of the corporation and hence are persons interested in an action for dissolution of the corporation.

2. Under Section 11895, General Code, such trustees are not eligible to appointment as receivers for the said corporation in an action for its dissolution.

Judgment reversed.

Marshall, C. J., Robinson and Matthias, JJ., concur. Jones and Day. JJ., dissent.

---

### No. 425

No. 18454—The Tax Commission of Ohio and John A. Zangerle, as Auditor of Cuyahoga County, Ohio, v. The National Malleable Castings Company. Error to the Court of Appeals of Cuyahoga County.

1157. TAXATION—Sec. 5327 GC. defining "credits" does not violate Art. XII, Sec. 2. or other section of constitution—Use of "debits" in that section, does not authorize deduction of such taxes from sum of legal claims and demands.

ROBINSON, J.

1. The definition of the term "credits" enacted in Section 5327, General Code, is an exposition of the sense in which the legislature understood the word to have been used in Section 2, of Article XII, of the Constitution of Ohio, and while ineffective to either add anything to or take anything from that provision of the Constitution, it violates no provision of that section or any other section of the Constitution of Ohio.

2. The legislature in its definition of "credits," in Section 5327, General Code (95 O. L. 533), used the word "debts" in the signification of an obligation based upon contract expressed or implied, and did not thereby authorize the deduction of such taxes from the sum of all legal claims and demands.

Judgment reversed.

Jones, Matthias, Day and Allen, JJ., concur.